FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ALTON GIBSON, JR.,

        Petitioner - Appellant,

    v.

REGINALD HINES, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondents - Appellees.

No. 07-5023
(N.D. Oklahoma)
(D.C. No. 03-CV-641-CVE-SAJ)

---

**ORDER**

---

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

---

Appellant, David Alton Gibson, seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Gibson has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

As a result of his involvement in a murder-for-hire, Gibson was charged

with one count of conspiracy to commit first degree murder, in violation of Okla.

Stat. tit. 21, § 421(C), and one count of solicitation to commit murder, in violation of Okla. Stat. tit. 21, § 701-16. Prior to the trial of Gibson's co-conspirator, Stanley Williamson, a hearing was held pursuant to *Harjo v. State*, 797 P.2d 338, 343 (Okla. Crim. App. 1990). At the conclusion of the *Harjo* hearing, the trial court ruled that statements made by Gibson to several witnesses were admissible against Williamson. *See* Okla. Stat. tit. 12, § 2801(4)(b)(5) (2002). Gibson and Williamson were tried separately. Although no separate *Harjo* hearing was held for Gibson, during an *in camera* hearing Gibson's attorney stipulated to the admissibility of hearsay statements made by Williamson and previously testified to by witnesses Hayes, Edward Marshall, Gibbs, and Thomason. Based on that stipulation, the trial court ruled as follows:

> Well, I have previously determined, and so it wouldn't be any surprise, that these [statements] were made during the course of a conspiracy that involved, among others, Mr. Gibson and Stan Williamson; that that conspiracy existed beginning in the fall, approximately October, and continued into the next year into January—some of these are outside of that time frame—and that they were made, as I say, during the course of and in the furtherance of the alleged conspiracy. So I'll determine that those are admissible, as I previously have done.

At the completion of the trial, Gibson was convicted of both counts. He challenged his convictions by filing a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), raising the following arguments: (1) the trial court erroneously admitted hearsay statements made by co-conspirators, (2) his trial counsel was constitutionally ineffective for failing to demand a *Harjo* hearing and

failing to object to co-conspirator hearsay statements admitted during trial, and (3) the evidence was insufficient to sustain his convictions. The OCCA considered all three of Gibson's arguments but affirmed his convictions. As to his ineffective assistance claim, the court stated,

> As noted, the record shows that [Gibson's] trial counsel was present at the *Harjo* hearing held before Williamson's trial. Although [Gibson] and Williamson were tried separately, the evidence of a conspiracy was essentially the same, albeit the roles of defendant and co-conspirator were, of course, reversed. A second hearing to redetermine whether a conspiracy existed would have been superfluous; counsel's decision to forego this exercise in futility was an informed and reasonable one. We find neither deficient performance nor actual prejudice resulting from Counsel's decision.

Gibson filed the instant § 2254 habeas petition on September 18, 2003. In his petition, Gibson raised the ineffective assistance and sufficiency-of-the-evidence claims previously adjudicated by the OCCA. In addition, he alleged (1) his substantive due process rights were violated by the OCCA's erroneous reading of the trial court record and (2) his convictions and sentences violate the Fifth Amendment's Double Jeopardy Clause. The district court characterized Gibson's allegation that the OCCA misread the trial transcript as a challenge to the presumption of correctness afforded the findings of the OCCA pursuant to 28 U.S.C. § 2254(e)(1). The court concluded Gibson rebutted that presumption with clear and convincing evidence neither he nor his trial counsel attended Williamson's *Harjo* hearing. Accordingly, when the court addressed Gibson's

ineffective assistance claim it did so without reference to the challenged finding, analyzing instead the independent basis for the OCCA's ruling.

Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the OCCA's adjudication of Gibson's ineffective assistance and sufficiency-of-the evidence claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The court next concluded that Gibson's double jeopardy claim was procedurally defaulted in Oklahoma state court because he failed to raise it on direct appeal. The court determined it was procedurally barred from considering the claim because Gibson failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In his appellate brief, Gibson challenges the district court's resolution of his ineffective assistance and sufficiency-of-the-evidence claims,[1] argues the district court erred by not considering additional allegations of ineffective assistance of trial counsel, and further asserts the district court erred by not conducting an evidentiary hearing before ruling on his habeas petition. To be entitled to a COA, Gibson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that

---

[1]Gibson does not challenge the disposition of his double jeopardy claim.

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Gibson has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although Gibson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Gibson's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Gibson is not entitled to a COA. The district court's resolution of Gibson's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Because Gibson's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).

Neither did the court err in concluding additional allegations of ineffective assistance of counsel were not properly presented in the habeas petition.[2] Accordingly, Gibson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Gibson's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

---

[2]In any event, there is no indication from the record that these claims were presented to the OCCA on direct appeal.